UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  24-CV-61873-WPD

MAXIMUM MARKETING, INC., a for
Profit Florida corporation,

          Plaintiff,

V.

REVIVA LABS, INC., a for Profit New
Jersey Corporation, RENEE VIDAL AND
SENDAYCO LLC,

          Defendants.

_____/

## ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

THIS CAUSE is before the Court *sua sponte.*

Because federal courts are courts of limited subject matter jurisdiction, this Court must ascertain whether it has jurisdiction over a case or controversy. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).

Plaintiff Maximum Marketing, Inc ("Plaintiff") filed a Complaint against Defendants Reviva Labs, Inc, Renee Vidal, and Sendayco LLC ("Defendants") in state court in Broward County on September 17, 2024. *See* [DE 1-1]. Defendant removed the action to this Court based on the Court's diversity jurisdiction, 28 U.S.C. § 1332.

Defendant, as the party removing this action to federal court based on diversity of citizenship, bears the burden of establishing the citizenship of the parties. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). When a case is founded upon diversity jurisdiction, 28 U.S.C. § 1332, and one or more of the parties is a limited liability company, the citizenship of every member of the limited liability company must be alleged. *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304

(11th Cir. 2011); *Rolling Greens MHP, L.P.*, 374 F.3d at 1022 ("[T]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company.").

Defendant argues that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. However, regarding the citizenship of Sendayco, LLC, Defendant merely asserts, "Defendant, Sendayco, LLC, is a business organization formed pursuant to the laws of the State of Ohio." *See* [DE 1]. This assertion is insufficient for the Court to independently determine whether there is diversity jurisdiction over this action. Moreover, the documents that Defendant provided are insufficient to show the present membership of Defendant LLC, nor the present citizenship of those members.

Accordingly, to ensure that this Court has subject matter jurisdiction over this action, it is **ORDERED AND ADJUDGED** that on or before **October 17, 2024**, Defendant shall file an Addendum to the Notice of Removal listing the citizenship of every member of any Party that is a limited liability company or other form of unincorporated business or association.  If a member of an LLC is itself an LLC, then Defendant must list the citizenship of every member or partner of such limited liability company or limited partnership. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022.  Failure to submit the Addendum by this time prescribed will result in the Court remanding this action to state court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 10th day of October 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record