UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**MAXIMUM MARKETING, INC.**, a for Profit Florida corporation,
        **Plaintiff,**

vs.                                                                                       **CASE NO.: 24-CV-61873-WPD**

**REVIVA LABS, INC.**, a for Profit New Jersey Corporation, **RENEE VIDAL, SENDAYCO LLC,**
        **Defendants.**
_____/

## RESPONSE IN OPPOSITION TO REVIVA LABS, INC. AND RENEE C. VIDAL, ESQ.'S MOTION TO DISMISS PLAINTIFF'SCOMPLAINT AND MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY FEES

**COMES NOW** the Plaintiff, Maximum Marketing, Inc. by and through the undersigned attorney of record, and files this Response in Opposition to Reviva Labs, Inc. and Renee C. Vidal, Esq.'s Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Claim for Attorney Fees and states as follows:

The Defendants Reviva Labs, Inc. and Renee C. Vidal, Esq. contends the Plaintiff's claim is "predicated upon conclusory allegations that the Defendants intended to defraud the Plaintiff by engaging in a Court Ordered sale of operating assets from Reviva to Sendayco, LLC, to avoid payment of an obligation not yet reduced to a Final Judgment." The Defendants' contention is incorrect and not support by the allegations plead in the Complaint.

The Plaintiff, Maximum Marketing, Inc. previously filed an action against Reviva Labs, Inc. for breach of contract in the Seventeenth Judicial Circuit In And For Broward County, Florida, Case Number CACE19011452 and was presided over by the Honorable Martin J. Bidwell. On April 11th, 2023, through May 17th, 2023, the Honorable Judge Bidwell presided over the bench trial between the parties. The Court ruled that, "As Maximum has proven its claim for breach of

contract, Maximum is entitle damages." (See Case 0:24-cv-61873-WPD Document 1-1 Entered on FLSD Docket 10/08/2024 Pages 17 through 36 Plaintiffs Complaint, Exhibit 2, Para.47 of the Judicial Findings After Bench Trial)

The Court entered the following conclusions of fact and law as follows:

    i.    The Court finds for Maximum Marketing and against Reviva on Maximum Marketing's claim for breach of contract.

    ii.    The Court finds for Maximum Marketing and against Reviva on Reviva's claim for breach of contract.

    iii.    The Court finds for Maximum Marketing and against Reviva on Reviva's claim for breach of the implied covenant of good faith and fair dealing.

    iv.    The Court finds for Maximum Marketing and against Reviva on Reviva's claim for Unjust Enrichment.

    v.    The Court finds for Maximum Marketing and against Reviva on Reviva's claim for promissory estoppel.

    vi.    The Court finds for Maximum Marketing and against Reviva on each of Reviva's affirmative defenses.

    vii.    The Court awards damages to Maximum Marketing in the amount of $477,488.00.

Judge Bidwell has scheduled the Plaintiff's Motion for Final Judgement, Prejudgment Interest, Attorney's Fees and costs for December 20, 2024. It is probable that a Final Judgment, Prejudgment Interest, Attorney's Fees and Costs will potentially render a judgment of more than $1,000,000.00.

On June 17th, 2024, after Judge Bidwill entered the Judicial Finding After Bench Trial, determining that Reviva Labs, Inc. owed damages to Maximum Marketing, Inc. in the amount of $477,448.00, Renee Vidal, Esq as Trustee of the stocks and President of Reviva Labs, Inc. sold the "operating assets" owned by Reviva Labs, Inc. to Sendayco LLC, located at 1788 South Metro Parkway, Dayton, OH 45469. (See Exhibit 3**,** Affidavit of Renee Vidal, Esq., Case No.: CACE 19-011452(05) Renee Vidal, Esq. had actual knowledge that Reviva Labs, Inc, was found liable to Maximum Marketing, Inc, in the amount $477,488.00 plus potentially prejudgment interest, attorney's fees and costs pursuant to the Court's ruling dated April 30th, 2024.

.	Defendant Renee Vidal was responsible for selling the assets of Defendant Debtor Reviva Labs, Inc. to Sendayco LLC in a plan devised to strip all valuable assets of Reviva thereby denying the ability of Maximum Marketing, Inc. to collect the funds lawfully entitled to collect. Defendants Vidal and Reviva embarked upon a scheme to strip the operational assets of Reviva thereby rendering Defendant, Reviva Labs, Inc. insolvent. Defendant Renee Vidal was not merely a third-party lawyer transacting the fraudulent sale of Reviva assets. Defendant Vidal was the president of Defendant Reviva Labs, the trustee of all of the shares of the decedent Judith Strassler.

The Defendant Renee Vidal, Esq., in an attempt to misdirect this Court, states in the Motion to Dismiss the sale of the assets of Defendant Reviva Labs, Inc. was pursuant to a Court Order presumably entered In the Matter of the Estate of Judith Strassler, Deceased, Superior Court of New Jersey, Chancery Division-Probate Part, Camden, New Jersey, Docket No.: CP-0018-2020. However, the Court Order was based upon the Defendant Renee Vidal representations set forth in the Certification In Support of the Executor's Motion for Specific Authority to Sell the Assets of Reviva Labs, Inc. and for Approval of Agreement of Sale dated June 2024 (Attached hereto). Defendant Vidal represented to the Court that the proceeds of the sale would be held by the

company pending final resolution of the Maximum Marketing claim, and any other claims, as required by New Jersey Law. (See Pages 9, 10 and 13).

Prior to the filing of this case sub judice, Counsel for the Plaintiff in the State case sent a written request on September 13, 2024 via email Renee Vidal, Esq. requesting confirmation that the proceeds of the sale had been securely held to potentially pay the debt which had been judicially established before the Honorable Martin Bidwell. Included with the email was a copy of the Complaint for Violation of the Fraudulent Transfer Act. Renee Vidal, Esq. failed to respond to the request for confirmation that funds were being held for the debt to Maximum Marketing and to wind up the affairs of Reviva Labs, Inc. Defendant Renee Vidal, Esq., amended the address of Defendant Debtor, Reviva Labs, Inc, to 8000 Midlantic Drive, Suite 3005, Mt Laurel Township, NJ 08054. The address is the offices of the law offices of Capehart & Scatchard, P.A., which are the employer of Defendant, Renee Vidal, Esq. The Defendant, Debtor Reviva Labs, Inc. is no longer engaged in commerce.

Defendant Sendayco LLC is the purchaser of the assets of the Defendant Debtor Reviva Labs, Inc., including but not limited to the production line of products, the trade name the products are sold under, the packaging of the products, the intellectual property, the marking internet online presence, the patents, formulas and intellectual property. The actions of Defendant Renee Vidal, Esq. and Reviva Labs, Inc. were transacted with the fraudulent intent of transferring assets to Defendant Sendayco LLC to deny the Plaintiff Maximum Marketing, Inc from collecting the funds lawfully owed by the Debtor Reviva Labs to Plaintiff Maximum Marketing, Inc. As a result, Defendant Debtor Reviva Labs, Inc. is insolvent.

In adopting the Uniform Fraudulent Transfer Act ("UFTA"), the Florida Legislature recognized the need to protect a creditor from an insolvent debtor who, during or in anticipation

of litigation, transferred assets to render himself judgment proof. In essence, the law realized that an insolvent debtor may attempt to engage in a variety of transfers of property (both initially and through subsequent transfers by the first transferee) and thereby prevent an ultimately successful litigant from collecting a judgment obtained prior to such transfers. The overriding purpose of the Florida Uniform Fraudulent Transfer Act ("FUFTA") is to permit a creditor to commence and prosecute an action to set aside a fraudulent transfer without having to wait until the end of the underlying case. It is well settled that the FUFTA provides a creditor with remedies prior to the rendering of a final judgment.

Florida law also holds that a pre-existing judgment is not a requirement to the commencement of a fraudulent transfer action. See, e.g., *Varveris v. Alberto M. Carbonell, P.A.*, 773 So. 2d 1275, 1276 (Fla. 3d DCA 2000)(injunction under the FUFTA can be entered before effectuation of personal service); *Cook v. Pompano Shopper, Inc*., 582 So. 2d 37, 40 (Fla. 4 th DCA 1991); *Money v. Powell*, 139 So. 2d 702 (Fla. 2d DCA 1962)(Florida protects contingent creditors against fraudulent transfers as fully as holders of absolute claims). *Cf. Invo Florida, Inc. v. Somerset Venturer, Inc*., 751 So. 2d 1263 (Fla. 3d DCA 2000)(contemplating that claims for breach of contract and fraudulent transfer would go forward in the same action). As explained above, one of the purposes behind permitting a party to pursue the underlying action and simultaneously seek to set aside a fraudulent transfer is to allow the holder of a judgment a better chance to satisfy it. See, *Intili v. DiGiorgio*, 693 A. 2d 573 (N.J. Super. Ct. Ch. Div. 1997). In accordance with the intent underlying the FUFTA that creditors should be protected from the fraudulent machinations of debtors, the type of claim under which a party may bring a fraudulent transfer action is defined broadly. As defined in the FUFTA, a claim means "a right to payment, whether or not the right is

reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Fla. Stat. §726.102(3)(emphasis added).

The Defendants Renee Vidal and Reviva Labs, Inc. contend that the Complaint "does not, and cannot, allege any facts sufficient to establish personal jurisdiction as to Reviva Labs, Inc. and/or Renee Vidal, Esq. As to the personal jurisdiction of Reviva Labs, Inc., the State of Florida Circuit Court has personal jurisdiction over Reviva Labs, Inc. under Case No.: CACE19011452. Not only was personal jurisdiction not contested, the Defendant Reviva Labs, Inc. answered the Complaint and filed a Counter Claim requesting affirmative relief from the Court. Pursuant to the Florida Rules of Civil Procedure Rule 48.193 Acts subjecting person to jurisdiction of courts of state (4) If a defendant in his or her pleadings demands affirmative relief on causes of action unrelated to the transaction forming the basis of the plaintiff's claim, the defendant shall thereafter in that action be subject to the jurisdiction of the court for any cause of action, regardless of its basis, which the plaintiff may by amendment assert against the defendant.

The case sub judice was originally filed in the Seventeenth Judicial Circuit In And For Broward County, Florida which is the same jurisdiction as Case No.: CACE 19-011452(05) filed. Immediately after service of process of the complaint for Violation of the Florida Fraudulent Transfer Act, Case CACE24013343 the Defendants filed a Notice of Removal (Filing #208493918 E-Filed 10/08/2024) thereby circumventing the Seventeenth Judicial Circuit In And For Broward County, Florida Administrative Order No. II-88-A-1 In Re: Case Assignments Circuit Court - Civil Division which requires the Clerk automatically blind electronically assign a Judge to each case. Pursuant to Paragraph 6 of Administrative Order No. II-88-A-1 the case would have been consolidated with Case No.: CACE 19-011452(05) thereby continuing Persona Jurisdiction over

Reviva Labs, Inc. Personal Jurisdiction. Therefore, in accordance with Florida law there exists personal jurisdiction over Reviva Labs.

As to Renee Vidal, Esq. the Plaintiff contends that the actions deceitful of violating the Fraudulent Transfer Act constitute a tort against the Plaintiff and therefore the Court has personal jurisdiction pursuant to the Florida Long Arm Statute as alleged in the Complaint. The Plaintiff concedes the objection to the request for attorneys' fees.

**WHERFORE**, the Plaintiff requests this Court deny Defendant, Reviva Labs, Inc. Motion to Dismiss and deny Defendant Renee Vidal's Motion to Dismiss respectively. Alternatively, the Plaintiff requests the opportunity to file an Amended Complaint thereby dismissing the complaint without prejudice or alternatively transferring venue.

Respectfully Submitted,

/s/ Edward A. Martinez
Edward A. Martinez, Esq.
Fla. Bar No.: 618195

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on October 29, 2024, via electronic mail and/or regular mail and/or hand delivered and/or facsimile to the Attorney for the Defendants.
.,

Respectfully Submitted,

s/ Edward A. Martinez
Edward A. Martinez, Esq.
Fla. Bar No.: 618195
The Martinez Law Center
7600 W 20th Ave., Ste 220
Hialeah, FL 33016-1894
786-567-8757
martinezgroupmiami@gmail.com