UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-61873-WPD

MAXIMUM MARKETING, INC., a for Profit Florida Corporation,

    Plaintiff,

vs.

REVIVA LABS, INC., a for Profit New Jersey Corporation, RENEE VIDAL, ESQ., and SENDAYCO, LLC,

    Defendants.
_____/

## DEFENDANT, SENDAYCO, LLC'S, REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES

Defendant, Sendayco, LLC ("Sendayco") hereby files this Reply in Support of its Motion to Dismiss Plaintiff, Maximum Marketing, Inc.'s ("Maximum Marketing" or "Plaintiff"), Complaint and Motion to Strike Plaintiff's Claim for Attorneys' Fees, and in support, states as follows:

In its Motion to Dismiss, Sendayco advanced several arguments as to why dismissal of Plaintiff's claim was warranted, chief among them was that the Complaint does not, and cannot, allege any facts sufficient to establish either personal or general jurisdiction over Sendayco. Specifically, Sendayco argued that this Court lacks general jurisdiction over Sendayco, an Ohio company, due to Sendayco's lack of contacts with Florida (supported by the affidavit of Sendayco's president attached to Sendayco's Motion to Dismiss as Exhibit A), and it lacks specific jurisdiction over Sendayco as no facts were pled supporting the notion that a tortious act took place in Florida,

and even if such facts were alleged, it is well established that a fraudulent transfer does not constitute a tortious act for purposes of Florida's long-arm statute.

In its Response in Opposition (the "Response") [D.E. 13], Plaintiff spends over five pages regurgitating the factual allegations in the Complaint along with Plaintiff's interpretations of the exhibits attached to the Complaint. Yet, missing entirely from Plaintiff's Response is any argument that the Court has jurisdiction over Sendayco. Why? Because, Plaintiff admits "there is no basis for Personal Jurisdiction" and completely ignores any argument that there is general jurisdiction Response at 5. Accordingly, given Sendayco's argument in favor of dismissal of Plaintiff's Complaint, coupled with Plaintiff's failure to refute the same, and even admitting to their correctness, necessitates the dismissal of Plaintiff's Complaint, in its entirety, with prejudice.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Counsel for Defendant, Sendayco, LLC*
Citigroup Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: */s/ Marko Cerenko*
      **Marko F. Cerenko, Esq.**
      Fla. Bar. No. 21501
      mcerenko@klugerkaplan.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 7, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF and served on all CM/ECF registered users identified in the service list.

| | |
|---|---|
| Melanie A. Cambridge, P.A. | Craig J. Shankman, Esq. |
| The Dadeland Law Center at the Metropolis | Marcus A. Nielsen, Esq. |
| 7340 S.W. 90th Street | Boyd Richards Parker & Colonnelli, P.L. |
| Miami, Florida 33156 | 100 S.E. Second Street, Suite 2600 |
| Tel.: (305) 582-2445 | Miami, Florida 33131 |
| mcambridgelaw@gmail.com | Tel.: (786) 425-1045 |
| *Counsel for Plaintiff* | cshankman@boydlawgroup.com |
| | mnielsen@boydlawgroup.com |
| | *Counsel for Defendants, Reviva Labs, Inc. and Renee Vidal, Esq.* |

By: */s/ Marko Cerenko*
      **Marko F. Cerenko, Esq.**