UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61873-CIV-DIMITROULEAS

MAXIMUM MARKETING, INC.,

    Plaintiff,

vs.

REVIVA LABS, INC., RENEE VIDAL
AND SENDAYCO, LLC.

    Defendants.
_____/

## OMNIBUS ORDER ON MOTIONS TO DISMISS

THIS CAUSE is before the Court on Defendant Reviva Labs, Inc., and Renee C. Vidal Esq.'s Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Claim for Attorneys' Fees [DE 7] filed on October 15, 2024, and Defendant Sendayco, LLC's Motion to Dismiss Complaint and Motion to Strike Plaintiff's Claim for Attorneys' Fees [DE 9] filed on October 17, 2024. The Court has considered the Motions [DEs 7, 9], Responses [DEs 12, 13], and the Reply [DE 14], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Maximum Marketing, Inc ("Plaintiff" or "Maximum") filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County on September 17, 2024, against Defendants Reviva Labs, Inc ("Reviva"), Renee C. Vidal, Esq. ("Vidal") and Sendayco, LLC ("Sendayco") (collectively, "Defendants"). *See* [DE 1]. Defendants Reviva and Vidal removed this action based on diversity jurisdiction on October 8, 2024. *Id.* In its Complaint contained within the Notice of Removal [DE 1–1], Plaintiff alleges one count against all

1

Defendants for violation of the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, *et. seq.* ("FUFTA").[1] *See* [DE 1–1] at ¶ 7. Plaintiff alleges the following: Maximum and Reviva previously entered into a Representation Agreement (the "Agreement") on September 1, 2016. [DE 1–1] at ¶ 9. Maximum filed an action against Reviva in the Seventeenth Judicial Circuit in and for Broward County for breach of contract, alleging that Reviva had breached the Agreement by intentionally failing to pay earned commissions, as required under the contract. *Id.* ¶ 10. The Honorable Judge Martin J. Bidwell presided over the case, which was assigned the case number CACE19011452. *Id.* ¶ 12. Between April 11, 2023, and May 17, 2023, Judge Bidwell presided over a bench trial in the case. *Id.* ¶ 14. On April 30, 2024, Judge Bidwill entered the Judicial Finding After Bench Trial. *Id.* ¶ 15. The Court ruled in favor of Maximum and against Reviva on all counts, counterclaims, and affirmative defenses. *Id.* ¶¶ 15–19. The Court accordingly determined that Reviva owed damages to Maximum in the amount of $477,548.00. *Id.* ¶¶ 19, 22. On June 17, 2024, after Judge Bidwell entered above judgment, Vidal, as Trustee of the stocks and President of Reviva, sold the operating assets owned by Reviva to Sendayco. *Id.* ¶ 22. Vidal and Reviva knowingly and with fraudulent intent transferred the assets to Sendayco to prevent Maximum from collecting the funds that Reviva lawfully owed. *Id.* ¶¶ 28, 43. Sendayco purchased the operating assets with fraudulent intent to deny Maximum the opportunity to collect funds that Reviva lawfully owed. *Id.* ¶ 44. Plaintiff accordingly demands judgment against defendants for (a) avoidance of the transfer or obligation to the extent necessary to satisfy the

---

[1] While Plaintiff does not separate its counts under distinct headings, the Court infers from the Complaint that Plaintiff brings only one count under the Florida Uniform Transfer Act against all Defendants. The Complaint is titled "Complaint for Violation of the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 et. seq. ("FUFTA")." [DE 1–1]. Moreover, under the subsection titled "Allegations Common to All Defendants," Plaintiff states "[t]his is a civil action for relief pursuant to the Florida Uniform Fraudulent Transfer Act, Fla. Stat § 726.101 et. seq. ("FUFTA"). . ." *See* [DE 1–1] at ¶ 7. Plaintiff does not expressly list any additional claims.

creditor's claim; (b) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law; and (c) an injunction, an appointment of receiver, and an award of costs and reasonable attorney fees. *Id.* at pp. 10–11.

## II. STANDARD OF LAW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

creditor's claim; (b) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with applicable law; and (c) an injunction, an appointment of receiver, and an award of costs and reasonable attorney fees. *Id.* at pp. 10–11.

## II. STANDARD OF LAW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n.8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

### III. DISCUSSION

In their motions to dismiss, Reviva, Vidal, and Sendayco all argue that the Complaint does not allege any facts sufficient to establish personal jurisdiction, and in the alternative, that the Complaint does not state a claim under FUFTA. Both motions also move to strike the request for attorneys' fees. Reviva and Vidal further argue that transfer is appropriate to the District of New Jersey. The Court addresses each argument in turn.

A. *Whether this Court has personal jurisdiction the foreign Defendants under Florida's long-arm statute*

To determine whether a district court may exercise personal jurisdiction over a nonresident defendant, the Court makes a two-part inquiry. *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623 626 (11th Cir. 1996). First, the Court must determine whether the Florida long-arm statute provides a sufficient basis for personal jurisdiction. *Id.* After a threshold finding that jurisdiction appropriate under Florida law, the Court must then ascertain whether "sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id.* (quoting *International Shoe v. Washington,* 326 U.S. 310 (1945)) (citations omitted).

A defendant may be subject to Florida's long-arm statute either by specific jurisdiction or general jurisdiction. *See* Fla. Stat. § 48.193. First, pursuant to Florida's general jurisdiction, a defendant may be haled into a Florida court if it is "engaged in substantial and not isolated activity within [the] state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Second, a defendant may be subject to Florida courts jurisdiction if it meets one

of the enumerated requirements under Florida's Long Arm Statute for specific jurisdiction. Fla. Stat. § 48.193(1).

Plaintiff does not allege that Defendants are subject to general jurisdiction in Florida. Plaintiff acknowledges that "Defendant Reviva Labs, Inc. is a New Jersey for profit corporation," "Defendant, Sendayco LLC is a business organization formed pursuant to the laws of the State of Ohio," and that "Defendant, Renee C. Vidal, Esq. is a resident of New Jersey." *See* [DE 1–1] at ¶¶ 2–4. Nor does Plaintiff provide sufficient allegations for this Court to find that Defendants are engaged in such "substantial activity" in Florida. Instead, Plaintiff alleges that all Defendants are subject to specific jurisdiction under Florida's long-arm statute. Plaintiff argues that because Defendants committed a tort under the Florida Uniform Transfer Act, it is therefore subject to specific jurisdiction under Florida's long-arm statue. Fla. Stat. § 48.193 (1)(a)(2). *See* [DE 1–1] at ¶ 5.

The Court disagrees. The subsection of Florida's long-arm statute states that Plaintiff relies on states, in relevant part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> ...
> 2. Committing a tortious act within this state

Fla. Stat. § 48.193 (1)(a)(2). Florida appellate courts have consistently held that allegations of FUFTA violations are not "tortious act[s]" for purposes of the Florida long-arm statute. *See KrunchCash, LLC v. Craig*, No. 22-81415-CIV, 2023 WL 2487230, at *10 (S.D. Fla. Mar. 13, 2023) (citing *Edwards v. Airline Support Group, Inc.*, 138 So.3d 1209, 1211–12 (Fla. 4th DCA

2014)) ("the majority of courts nationwide have found a fraudulent transfer does not constitute a tortious act for purposes of Florida's long-arm statute."). Moreover, "[t]o properly allege a basis for specific jurisdiction, the plaintiff must allege that the defendant committed 'a tortious act *within this state.*'" *Edwards v. Airline Support Grp., Inc.*, 138 So. 3d 1209, 1212 (Fla. Dist. Ct. App. 2014) (quoting Fla. Stat. § 48.193(1)(a)). Maximum's Complaint lacks any allegation about whether Defendants transferred or received any property while in Florida, or whether they transferred or received any property that was located in Florida.[2] Thus, even if this Court were to find that Plaintiff states a claim under the FUFTA, such a finding by itself would not bring Defendants within the jurisdiction of Florida courts. Because Plaintiff has failed to allege that this Court has either general or specific personal jurisdiction over the Defendants under the Florida's long-arm statute, Plaintiffs have failed to meet the first threshold requirement for personal jurisdiction. Accordingly, no further Due Process analysis is necessary. *See Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010) (where the Court determined that Florida's long-arm statute was not satisfied, the Due Process analysis was not required).

b. *Whether Defendants consented to the jurisdiction of Florida courts by agreement.*

Plaintiff next contends that the Representation Agreement between Maximum and Reviva, the breach of which formed the basis of the state court action, contains a forum selection clause that names courts of Broward County, Florida. [DE 1–1] at p. 14.  As an initial matter, neither Defendant Sendayco nor Defendant Vidal is party to this Agreement. The issue, then, is only

---

[2] While Plaintiff generally asserts that the "acts for which suit is brought has occurred or is occurring in Broward County, Florida," such allegations fail to specifically assert that the alleged transfer at issue in this case occurred in Florida.

whether the forum selection clause is sufficient to create personal jurisdiction over Reviva. The Court finds that it does not.

>Paragraph 22 of the Representation Agreement states:

> "Any dispute, controversy or claim arising out of this agreement which cannot he settled amicably shall be finally settled by court decision or binding arbitration at option of The Representative, to be held in Broward County, Florida if arbitration in accordance with the rules of the American Arbitration Association."

*Id.*[3] The Agreement, by its own terms, provides that the forum selection clause applies only to "any dispute controversy or claim *arising out of* this agreement." (emphasis added). The Eleventh Circuit has stated, in relation to a forum selection clause in an arbitration agreement, that "[t]he term 'arising out of' is broad, but it is not all encompassing." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. 2011). "'Arising out of' requires the existence of some direct relationship between the dispute and the performance of duties specified by the contract." *See id.* (citing *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001)). Here, the Representation Agreement concerned Maximum's status as a promoter and exclusive sales representative for Reviva's products in a specific region. Conversely, this lawsuit concerns the alleged actions that Defendants—including Reviva—took *after* Maximum sued Reviva for breach of the Representation Agreement, after the state court found a breach of the Agreement, after the court entered a judgment against Reviva, and after Reviva and Vidal allegedly transferred the assets to Sendayco to avoid payment of the judgment. This instant dispute therefore does not "arise out of" the duties or obligations set forth in the Agreement. *See e.g.*, *Contractor's Mgmt.*

---

[3] While it is not totally clear from the Agreement whether the parties have agreed to a venue or to personal jurisdiction in Broward County, Florida, it seems at the very least that the forum selection clause intended to serve as a consent to personal jurisdiction in Florida courts. *See McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 542 (Fla. 1987) ("we will start with the assumption made by both the district court and the trial court that the contract clause at issue was an attempt to confer jurisdiction on Florida.").

*Sys. of NH, Inc. v. Acree Air Conditioning, Inc.*, 799 So. 2d 320, 321 (Fla. Dist. Ct. App. 2001) (finding that a Little FTC Act claim did not arise out of the agreement containing a forum selection clause) (citing *Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc.,* 743 So.2d 627, 632 (Fla. 1st DCA 1999)). Therefore, "[e]ven if the forum-selection clause could serve as a basis for personal jurisdiction over the Defendants, it cannot do so here." *HCL Am. Inc. v. Mace*, 686 F. Supp. 3d 1310, 1319 (N.D. Ga. 2023).

Further, even if the allegations in this action did "arise out of" the Representation Agreement, the forum selection clause still would not confer personal jurisdiction over the foreign Defendants. That is because "a forum selection clause designating Florida as the forum state cannot serve as the sole basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant." *Biloki v. Majestic Greeting Card Co.*, 33 So. 3d 815, 819 (Fla. 4th DCA 2010) (quoting *McRae v. J.D./M.D., Inc.,* 511 So. 2d 540, 542 (Fla. 1987)). Florida's long arm statute must still support a finding of personal jurisdiction. And here, it does not. *See supra*; *see also Off. Depot, Inc. v. Pelletier*, No. 16-81170-CIV, 2016 WL 10932510, at *4 (S.D. Fla. Sept. 8, 2016) (where defendant had contractually agreed to personal jurisdiction in Florida, the court was still required to determine that personal jurisdiction was proper under Florida's long-arm statue but did not need to embark on constitutional Due Process inquiry). Therefore, the forum selection clause cannot serve as a basis for personal jurisdiction over Reviva in this action.

> c. *Whether Florida courts have jurisdiction over Reviva where Reviva filed an answer and counter claim in the underlying state court action*

Plaintiff lastly argues that Reviva is subject to personal jurisdiction in Florida courts. *See* [DE 12]. Plaintiff asserts that Reviva answered the Complaint and filed a counter claim requesting affirmative relief from the court in the underlying state court case. Plaintiff accordingly argues that

personal jurisdiction over Reviva is proper in this action under Fla. Stat. § 48.193(4). The Court disagrees.

> Fla. Stat. § 48.193(4) states:
>
> (4) If a defendant in his or her pleadings demands affirmative relief on causes of action unrelated to the transaction forming the basis of the plaintiff's claim, the defendant shall thereafter in that action be subject to the jurisdiction of the court for any cause of action, regardless of its basis, which the plaintiff may by amendment assert against the defendant.

Fla. Stat. § 48.193(4). The plain language of this Rule only states the defendant "shall thereafter *in that action*" be subject to the jurisdiction of the court. *Id.* (emphasis added). It is not the case that a defendant subject to personal jurisdiction in Florida for the purpose of one action is therefore subject to personal jurisdiction for all actions in Florida. Instead, whether personal jurisdiction lies in Florida is a cause of action specific question under Florida's long-arm statute. *See e.g., Taylor v. Moskow*, 717 F. App'x 836, 841 (11th Cir. 2017) ("Even if [Defendant] sought affirmative relief in the Florida probate action, this statute does not give any Florida court personal jurisdiction over him in any action.") (citing Fla. R. Civ. P. 48.193(4)). Accordingly, this Rule cannot serve as a basis for personal jurisdiction over Reviva.[4]

## IV.   CONCLUSION

Based on the foregoing, the Court find that it lacks personal jurisdiction over the Defendants for this FUFTA claim under the Florida long-arm statute. Accordingly, the Court must dismiss this case. *See Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 n. 6 (11th Cir.1999). Because there is no personal jurisdiction over the named foreign Defendants, the Court does not reach the 12(b)(6) arguments raised in the motions, nor does the Court reach the issue of whether Plaintiff's

---

[4] The Court takes no position on whether Florida courts have personal jurisdiction over defendants for the purpose of a different cause of action that meets the Florida long-arm requirements.

demand for attorneys' fees should be stricken. Moreover, because the Court must dismiss this action, *see id.* it lacks power to transfer the case.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The above captioned case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on this 10th day of January, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

cc: counsel of record